UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| IVORY HILL, | ) |
| --- | --- |
| Petitioner, | ) |
| v. | ) CAUSE NO. 3:17-CV-737-PPS-MGG |
| WARDEN, | ) |
| Respondent. | ) |

OPINION AND ORDER

Ivory Hill, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary hearing where a disciplinary hearing officer found him guilty of attempting to engage in trafficking in violation of Indiana Department of Correction (IDOC) policies A-111/113. ECF 1 at 1, 6-5 at 1. As a result of the finding of guilt, he was docked 45 days earned credit time. *Id*. Oddly, after Hill filed his petition in this court and stated why he thought the hearing officer was wrong, the Final Reviewing Authority from IDOC reconsidered Hill's appeal and reduced his offense from attempting to engage in trafficking (A-111/113) to attempting to engage in an unauthorized financial transaction (B-240/220). ECF 6-11 at 1. This probably didn't feel like much of a win for Hill since the sanction — the loss of 45 days good time credit — remained the same. The Warden has filed the administrative record and Hill has filed a traverse. Thus, this case is fully briefed.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

In his petition and traverse, Hill asserts there are two grounds which entitle him to habeas corpus relief. Hill first argues there was insufficient evidence for the hearing officer to find him guilty. ECF 1 at 2. But I will focus my attention on his second claim — that Hill was not properly advised of the charges against him. ECF 15 at 3.

As I noted above, Hill was initially charged with and found guilty of attempting to engage in trafficking in violation of IDOC offenses A-111/113. ECF 6-5 at 1, ECF 6-11 at 1. However, on December 27, 2017, the IDOC's Final Reviewing Authority reconsidered Hill's appeal and modified the charge from attempting to engage in trafficking (offenses A-111/113) to attempting to engage in an unauthorized financial transaction (offenses B-240/220). ECF 6-11 at 1. IDOC offense B-240 prohibits inmates from "[a]ttempting to commit any Class B offense; aiding, commanding, inducing, counseling, procuring or conspiring with another person. to commit any Class B

2

offense." Indiana Department of Correction, Adult Disciplinary Process, Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. IDOC offense B-220 prohibits inmates from the "[e]ngaging in or possessing materials used for unauthorized financial transactions. This includes, but is not limited to, the use or possession of identifying information of credit cards, debit cards, or any other card used to complete a financial transaction." *Id*.

The evidence against Hill consisted of the following: First, there was the Conduct Report which charged Hill as follows:

> On 11/28/2016 while monitoring offender phones Offender Hill, Ivory #157862 was heard talking to Anastasia Hill on 11/27/2016 at 7:24 am. Offender Hill asks Anastasia Hill if she received a call last night, she confirms that "he called me last night and you are good". Offender Hill tells Anastasia [H]ill to "just tell her 60, it's the same type that the other dude had, through the same people the last one was through AT&T.

ECF 6-1 at 1. Second, the hearing officer reviewed the audio recording of the telephone conversation between Hill and Anastasia and provided the following summary:

> Upon listening to the recording, I, Ofc. Hughes heard Offender Hill, Ivory talking to Anastasia Hill. Offender Hill asks Anastasia if she received a call last night, she confirms and says "he called me last night and you are good to go". Offender Hill tells Anastasia Hill "just tell her 60, it's the same type that the other dude had, through the same people the last one was through AT&T.

ECF 6-3 at 1.

Based on this evidence the hearing officer determined there was sufficient evidence in the record to find Hill guilty of attempting to engage in trafficking in

3

violation of Indiana Department of Correction (IDOC) policies A-111/113. ECF 1 at 1, 6-5 at 1.  But as noted above, things changed on appeal. Hill was told by the Final Reviewing Authority that his original attempting to engage in trafficking charge (A-111/113) was being "reduced" to a charge of attempting to engage in an unauthorized financial transaction (B-240/220).  ECF 6-11 at 1, 15-3 at 1.  This undoubtedly gave little solace to Hill since the sanction — being docked 45 days good time credit — remained the same.  Hill was told that this charging shell game was no harm, no foul because the new offense was "a lesser offense of your original charge and the necessary elements were included in your notice and hearing for the original case.  The sanctions remain as imposed."  ECF 6-11 at 1. I'm not so sure about this.

Prisoners are entitled to advance notice of the charges against them.  *Wolff*, 418 U.S. at 563-64.  This requirement is satisfied so long as the underlying basis of the charge was adequate to give the prisoner notice of the allegations against him.  *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003).  But that is not what happened in this case. While Hill was properly notified of the original charge of attempting to engage in trafficking (A-111/113) when he signed the screening report and conduct report (ECF 6-1 at 1, 6-2 at 1), he was not notified of the new charge until after he received the letter from the Final Reviewing Authority on December 27, 2017. In fact, this change in the charge did not occur until three months *after* Hill filed the petition in this case.  ECF 1, 6-11 at 1. It strikes me as odd that, after seeing Hill's argument in this case, the Warden was able to alter the charge to something which, on the face of it, is totally different.

4

The Warden tells me that none of this matters because *Northern v. Hanks*, is dispositive here. ECF 6 at 6 n.3. This is because the facts in the conduct report put Hill on sufficient notice and gave him the information he needed to defend against a charge of attempting to engage in an unauthorized financial transaction. ECF 6 at 6 n. 3. In *Northern*, the petitioner was charged with conspiracy and bribery in connection with an investigation revealing that he and two other inmates were smuggling tobacco into the facility. 326 F.3d at 909-10. Prior to the hearing, he was given a copy of the investigation report detailing the factual basis for the charges. *Id*. at 910. The investigation report described a scheme whereby a staff member brought tobacco into the facility and hid it in a place that Northern could access. *Id.* at 910. Northern then picked up the tobacco and distributed it to other inmates. *Id.* At the disciplinary hearing, Northern was found guilty of conspiracy. *Id.* Northern appealed, and the reviewing authority determined that the facts more appropriately supported a finding that Northern had committed "attempted trafficking." *Id*. They modified the charge accordingly. *Id*.

Northern then filed a federal habeas corpus petition claiming that the reviewing authority's action violated his due process rights because it denied him adequate notice of the charge and prevented him from mounting an appropriate defense. 326 F.3d at 910. The Seventh Circuit rejected this argument, relying on the fact that Northern had been given a copy of the investigation report, which "inform[ed] him of the facts underlying the charge." *Id*. The Seventh Circuit concluded, "[b]ecause the factual basis

5

of the investigation report gave Northern all the information he needed to defend against the trafficking charge, the reviewing authority's modification did not deprive Northern of his due process rights." *Id*. at 911 (citing *Holt v. Caspari*, 961 F.2d 1370, 1373 (8th Cir. 1992) (finding prison disciplinary committee did not deny due process by elevating charge from "possession of contraband" to "possession of dangerous contraband" because the factual basis for both charges was the same)). In other words, when an inmate is sufficiently notified of the factual basis for a charge, he is also on notice that he could face another charge based on the same set of facts. *Id*.

    This case strikes me as different from *Northern*. In *Northern,* the modified charge related directly to the same set of facts as the original charge for which the petitioner had received notice. In this case, the factual basis for the new charge of attempting to engage in an unauthorized financial transaction, is very different from the factual basis for the original charge of attempting to engage in trafficking. The elements or facts underlying the original charge pertain to Hill's alleged activities related to trafficking contraband into the prison with someone who is not an offender residing in the same facility. On the other hand, the elements or facts underlying the new charge of attempting to engage in an unauthorized financial transaction pertain to Hill's alleged activities involving the possession of certain financial materials or items, such as credit cards, debit cards, or other types of cards needed to complete a financial transaction. Because the factual basis for the two charges are so very different, Hill's due process rights were violated because he did not receive appropriate notice of the new charge

6

and, as a consequence, could not mount an appropriate defense against the charge. *See Hill v. Hobart*, No. 06-C-57-C, 2006 WL 768521, *6-7 (W.D. Wis. Mar. 23, 2006) (granting habeas relief where petitioner was not on notice that he would have to defend himself against a different charge); *Evans v. Deuth*, 8 F.Supp.2d 1135, 1137 (N.D. Ind. 1998) (granting habeas relief based on lack of notice where screening report stated the charge was "giving anything of value," but that charge was crossed out on the disciplinary report and replaced with the charge of "extortion").

As discussed above, Hill didn't received notice of the new charge until three months after he filed his petition in this court. ECF 6-11 at 1. Therefore, because Hill was entitled to notice of the factual allegations of the new charge at least 24 hours before the hearing but did not receive it, he is entitled to habeas corpus relief in this case. *Wolff*, 418 U.S. at 563-64.

For these reasons, the habeas corpus petition is GRANTED. The Warden is ORDERED to file documentation by **December 21, 2018**, showing that the guilty finding in WCA 16-11-447 has been vacated and that any earned credit time Hill lost as a result of this guilty finding is restored.

ENTERED: December 7, 2018.

 s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT